**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **YOVANIS CISNEROS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-7148-OLG** |
| | § | |
| **MIGUEL VERGARA *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# DISMISSAL ORDER

Before the Court is the Petition for Writ of Habeas Corpus (Dkt. No. 1) filed pursuant to 28 U.S.C. § 2241 by Petitioner Yovanis Cisneros on November 10, 2026. Upon review, the Court finds that the Petition must be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that applicants for admission are subject to mandatory detention under the INA during the pendency of their removal proceedings. 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). Eight months later, in *Sosnava-Rodriguez v. Vergara*, the full Fifth Circuit held that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a

substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns). Unperturbed by these decisions, Petitioner asserts that his detention is unlawful because his seizure violated the Fourth Amendment, and his warrantless arrest violated 8 U.S.C. § 1357(a)(2). *See* Dkt. No. 1 at 10–13. But the Court has repeatedly held that such claims are not cognizable in habeas. *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026); *see Diallo v. Dedos*, No. 26-CV-3015, 2026 WL 3120931, at *4 (D. N.M. Oct. 19, 2026); *Oh v. Santacruz*, No. 26-CV-5472, 2026 WL 3073655, at *1–2 (C.D. Cal. Oct. 13, 2026). In any event, the Court lacks jurisdiction over these claims under 8 U.S.C. § 1252(g). *See, e.g.*, *Sanchez v. Acuna*, No. 26-1854, 2026 WL 2491520, at *3–4 & n.7 (W.D. La. July 24, 2026), *R. & R. adopted*, 2026 WL 2487391 (W.D. La. Aug. 24, 2026).

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 12, 2026.

ORLANDO L. GARCIA
United States District Judge